Emest S. ROBERTS, Jr., Appellant,

v.

UNITED STATES POSTAL SERVICE, et al., Appellees.

No. 03–5131.

United States Court of Appeals, District of Columbia Circuit.

Feb. 4, 2004.

Ernest S. Roberts, Jr., pro se, Savannah, GA, for Plaintiff–Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Heather Graham–Oliver, U.S. Attorney's Office, Washington, DC, for Defendants–Appellees.

Before: ROGERS, TATEL, and ROBERTS, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's judgment filed March 21, 2003, be affirmed. The district court correctly concluded that under the doctrine of issue preclusion, it was bound by the determination of the United States District

418

Court for the Southern District of Georgia, *Roberts v. United States Postal Service,* No. Civ. 400–305 (S.D. Ga. April 13, 2001), regarding jurisdictional issues. *See GAF Corp. v. United States,* 818 F.2d 901, 912 (D.C.Cir.1987). Specifically, the district court correctly concluded it was bound by the Southern District of Georgia's determination that 28 U.S.C. § 1343 and 5 U.S.C. §§ 8105, 8337 and 8347 do not provide a federal court with subject matter jurisdiction over claims for workers' compensation and retirement disability benefits. *See Dozier v. Ford Motor Co.,* 702 F.2d 1189, 1191 (D.C.Cir.1983). Moreover, to the extent that appellant attempted to demonstrate jurisdiction by alleging that the Department of Labor's Office of Workers' Compensation Program deprived him of due process, the district court correctly determined that appellant received all the process he was due during his long history of advancing multiple claims for workers' compensation at multiple levels of review. *See Kropat v. FAA,* 162 F.3d 129, 132 (D.C.Cir.1998). Finally, the district court correctly concluded that appellant failed to cure here his failure to allege in the Southern District of Georgia a claim of discrimination that would provide a district court with jurisdiction over his claim against the Office of Personnel Management, or a statutory claim that would provide a district court with jurisdiction over his claim against the United States Postal Service.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.